Matter of Patrolmen's Benevolent Assn. of the City of N.Y. v De Blasio (2019 NY Slip Op 03265)





Matter of Patrolmen's Benevolent Assn. of the City of N.Y. v De Blasio


2019 NY Slip Op 03265


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Richter, J.P., Manzanet-Daniels, Tom, Gesmer, Kern, JJ.


150181/18 7913A 7913

[*1] In re Patrolmen's Benevolent Association of the City of New York, Petitioner-Appellant,
v
Bill De Blasio, et al., Respondents-Respondents. 
Reporters Committee for Freedom of the Press, Hearst Corporation, The Associated Press, Inc., Buzzfeed, Inc., Cable News Network, Inc., The Center for Investigative Reporting, Daily News, LP, Dow Jones & Company, Inc., Gannett Company, Inc., Gizmodo Media Group, LLC, New York Public Radio, The New York Times Company, NYP Holdings, Inc., and Spectrum News NY1, Amici Curiae.


Kasowitz Benson Torres LLP, Pelham (Michael J. Bowe of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Aaron M. Bloom of counsel), for respondent.
Ballard Spahr LLP, New York (Thomas B. Sullivan of counsel), for amici curiae.



Orders, Supreme Court, New York County (Shlomo Hagler, J.), entered May 7, 2018, which denied the petition and granted respondents' cross motion to dismiss the petition and complaint in this hybrid CPLR article 78 proceeding to challenge the City's public release of police department body-worn-camera footage without a court order or the relevant officers' consent, pursuant to Civil Rights Law § 50-a, and denied petitioner's motion for a preliminary injunction, unanimously affirmed, without costs.
We affirm the denial of the petition and dismissal of the proceeding on grounds different from those of Supreme Court. The court held that petitioner could not maintain this hybrid action because there is no private right of action under Civil Rights Law § 50-a. We conclude that the fact that the statute does not provide a private right of action does not preclude review of petitioner's request for injunctive relief in an article 78 proceeding, because the statute creates protected rights (for police officers) and does not explicitly prohibit a private right of action or otherwise manifest a clear legislative intent to negate review (see Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 10-11 [1975]; Delgado v New York City Hous. Auth., 66 AD3d 607, 608 [1st Dept 2009]; see also Matter of East Ramapo Cent. Sch. Dist. v King, 29 NY3d 938 [2017]; Patrolmen's Benevolent Assn. of the City of New York, Inc. v De Blasio, 2015 NY Slip Op 32829[U] [Sup Ct, NY County 2015]).
Nevertheless, the petition must be denied. In order to determine whether something is a "personnel record" under Civil Rights Law § 50-a, the "threshold criterion" is whether the documents (or a summary of the documents) are "of significance to a superior in considering continued employment or promotion" (Matter of Luongo v Records Access Officer, Civilian Complaint Review Bd., 150 AD3d 13, 19 [1st Dept 2017], lv denied 30 NY3d 908 [2017], quoting Matter of Prisoners' Legal Servs. Of N.Y. v New York State Dept. Of Correctional [*2]Servs., 73 NY2d 26, 32 [1988]).
The Court of Appeals has further clarified that whether a document "containing personal, employment-related information about a public employee," that is under the control of the agency, and "relied upon in evaluating the employee's performance" is covered by Civil Rights Law § 50-a "depends upon its nature and use in evaluating an officer's performance" (Matter of Prisoners' Legal Servs., 73 NY2d at 32). Moreover, the Court of Appeals has held that, in the context of a FOIL disclosure of an officer's personnel records, preventing such disclosure requires more than merely demonstrating that the document "may be used" to evaluate performance (Matter of Daily Gazette Co. v City of Schenectady, 93 NY2d 145, 157 [1999]).
Petitioner argues that the body-worn-camera was designed in part for performance evaluation purposes and is clearly "of significance" to superiors in considering employment or promotion. Petitioner also suggests that a finding that body-worn camera footage is not a personnel record would result in an unprecedented invasion of privacy.
While we recognize petitioner's valid concerns about invasion of privacy and threats to the safety of police officers, we are tasked with considering the record's general "nature and use," and not solely whether it may be contemplated for use in a performance evaluation. Otherwise, that could sweep into the purview of § 50-a many police records that are an expected or required part of investigations or performance evaluations, such as arrest reports, stop reports, summonses, and accident reports, which clearly are not in the nature of personnel records so as to be covered by § 50-a.
We find that given its nature and use, the body-worn-camera footage at issue is not a personnel record covered by the confidentiality and disclosure requirements of § 50-a (see Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs., 73 NY2d 26, 32 [1988]). The purpose of body-worn-camera footage is for use in the service of other key objectives of the program, such as transparency, accountability, and public trust-building.
Although the body-worn-camera program was designed, in part, for performance evaluation purposes, and supervisors are required, at times, to review such footage for the purpose of evaluating performance, the footage being released here is not primarily generated for, nor used in connection with, any pending disciplinary charges or promotional processes. New York Civil Liberties Union v New York City Police Department (__NY3d__, 2018 NY Slip Op 8423 [2018]), which involved disciplinary matters, does not constrain this analysis. The footage, here, rather, is more akin to arrest or stop reports, and not records primarily generated for disciplinary and promotional purposes. To hold otherwise would defeat the purpose of the body-worn-camera program to promote increased transparency and public accountability.
We have considered petitioner's remaining arguments and find them unavailing.
The Decision and Order of this Court
entered herein on February 19, 2019 is hereby recalled and vacated (see M-1112 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK